■ EBERE ANYANWU, Plaintiff, v YVONNE M. JOHNSON et al., Defendants and Third-Party Plaintiffs-Appellants. JANET PHILIPS, Third-Party Defendant-Respondent. [714 NYS2d 882] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Mason, J.), dated October 26, 1999, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the third-party complaint is reinstated.

The vehicle that the third-party defendant, Janet Philips, was driving was struck in the rear by an automobile driven by the defendant third-party plaintiff Jean Richard Dorvelus. The parties submitted conflicting affidavits as to how the accident occurred.

Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a mate-

rial and triable issue of fact (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Phillips v Kantor & Co.,* 31 NY2d 307, 311). Issue finding, rather than issue determination constitutes the key to the procedure (*see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Here, the Supreme Court erred by resolving the conflicting affidavits in favor of Philips because an issue of fact exists as to whether Philips contributed to the accident (*see, Maschka v Newman,* 262 AD2d 615). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.