■ LEMONIA KOLIVAS, Respondent, v MAUREEN D. KIRCHOFF et al., Appellants, and EMMANUEL GIAKOUMIS, Respondent. [787 NYS2d 392]—In an action to recover damages for personal injuries, the defendants Maureen D. Kirchoff and Francis A. Kirchoff appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated July 7, 2003, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it "should only be employed when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy,* 35 NY2d 361, 364 [1974]). The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (*see Scott v Long Is. Power Auth.,* 294 AD2d 348 [2002]; *Anyanwu v Johnson,* 276 AD2d 572 [2000]; *Omrami v Socrates,* 227 AD2d 459 [1996]; *Rebecchi v Whitmore,* 172 AD2d 600 [1991]). Here, the Supreme Court properly denied the motion of the defendants Maureen D. Kirchoff and Francis A. Kirchoff because the conflicting deposition testimony regarding the facts surrounding the accident raised a triable issue of fact as to whether the defendant Maureen D. Kirchoff contributed to the accident. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.