■ HECTOR ORTIZ, Respondent, v HUB TRUCK RENTAL CORP., Defendant, and FRESH DIRECT HOLDINGS, LLC, et al., Appellants. [918 NYS2d 156]—

At or near the intersection of Borden Avenue and 23rd Street in Queens, a vehicle operated by the defendant Mickoy O. Holness, also known as Mickey O. Holness, struck the rear of a vehicle owned and operated by the plaintiff. At the time of the accident, Holness was operating the vehicle in the course of his employment with the defendant Fresh Direct Holdings, LLC (hereinafter Fresh Direct). The plaintiff commenced this action to recover damages for personal injuries. After joinder of issue, but before any discovery was conducted, the plaintiff moved, inter alia, for summary judgment on the issue of liability as against Fresh Direct and Holness (hereinafter together the appellants). The Supreme Court granted that branch of the motion. We reverse the order insofar as appealed from.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *see generally Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]; *Maxwell v Lobenberg*, 227 AD2d 598, 598-599 [1996]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Klopchin v Masri*, 45 AD3d 737 [2007]; *Starace v Inner Circle Qonexions*, 198 AD2d 493 [1993]; *Edney v Metropolitan Suburban Bus Auth.*, 178 AD2d 398, 399 [1991]). A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause (*see DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]). Moreover, evidence that a plaintiff's vehicle made a sudden lane change directly in front of a defendant's vehicle, forcing that defendant to stop suddenly, is sufficient to rebut the inference of negligence (*see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975, 976 [2010]; *cf. Tutrani v County of Suffolk*, 10 NY3d at 908).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability against the appellants by submitting an affidavit in which he stated that he was stopped in his vehicle on Borden Avenue with his left turn signal engaged, waiting to make a left turn onto 23rd Street, when the vehicle operated by Holness struck the rear of the plaintiff's vehicle. In opposition, the appellants raised a triable issue of fact as to whether they had a nonnegligent explanation for the collision by submitting an affidavit sworn to by Holness. According to Holness, as he was about to proceed past the plaintiff's vehicle, which had begun to make a left turn onto 23rd Street, the plaintiff's vehicle, in an apparent attempt to continue traveling straight on Borden Avenue, suddenly veered to the right and into Holness's path, thus causing the collision (*see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975 [2010]). Since a triable issue of fact exists as to whether the plaintiff caused or contributed to the accident, the Supreme Court erred in resolving the conflicting affidavits in the plaintiff's favor (*see Anyanwu v Johnson*, 276 AD2d 572, 573 [2000]). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the appellants.

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.