■ JACQUELIN J. MENELAS et al., Respondents, v DEBRAH YEARWOOD-BOBB et al., Appellants. [953 NYS2d 286]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Partnow, J.), dated February 28, 2012, which granted the plaintiffs' motion for summary judgment on the issue of liability and granted the separate motion of the plaintiff Jean F. Joseph for summary judgment dismissing the defendants' counterclaim, and (2) an interlocutory judgment of the same court entered April 11, 2012, which, upon the order, is in favor of the plaintiffs and against them on the issue of liability and in favor of the plaintiff Jean F. Joseph and against them dismissing the counterclaim.

Ordered that the appeal from the order is dismissed, as the order was superseded by the interlocutory judgment; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, the plaintiffs' motion for summary judgment on the issue of liability is denied, the separate motion of the plaintiff Jean F. Joseph for summary judgment dismissing the defendants' counterclaim is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

At or near the intersection of Linden Boulevard and Brooklyn Avenue in Brooklyn, a vehicle owned by the defendant Debrah Yearwood-Bobb and operated by the defendant Patrick R. Bobb struck the rear of a vehicle owned and operated by the plaintiff Jean F. Joseph. The plaintiff Jacquelin J. Menelas was a passenger in Joseph's vehicle. The plaintiffs commenced this action to recover damages for personal injuries. The defendants answered and asserted a counterclaim against Joseph, alleging that any injuries sustained by the plaintiffs were due to his negligence in operating his vehicle. The plaintiffs thereafter moved for summary judgment on the issue of liability against the defendants. Additionally, Joseph separately moved for summary judgment dismissing the defendants' counterclaim. The Supreme Court granted both the plaintiffs' motion and Joseph's separate motion. The defendants appeal.

" 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011], quoting *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]). Accordingly, " '[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence

against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Hauswirth v Transcare N.Y., Inc.*, 97 AD3d 792, 793 [2012], quoting *Volpe v Limoncelli*, 74 AD3d 795, 795 [2010]). "[E]vidence that a plaintiff's vehicle made a sudden lane change directly in front of a defendant's vehicle, forcing that defendant to stop suddenly, is sufficient to rebut the inference of negligence" (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d at 726; *see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975, 976 [2010]).

Here, the plaintiffs established their prima facie entitlement to judgment as matter of law on the issue of liability by submitting an affidavit sworn to by Joseph. According to him, as he was approaching a red traffic light at the intersection of Linden Boulevard and Brooklyn Avenue, and safely bringing his vehicle to a stop, his vehicle was struck in the rear by the defendants' vehicle. In opposition, however, the defendants raised a triable issue of fact as to whether they had a nonnegligent explanation for the collision by submitting an affidavit sworn to by Bobb, the driver of the defendants' vehicle. According to Bobb, prior to impact, Joseph's vehicle began to make a right turn onto Brooklyn Avenue. As Bobb explained it, Joseph's vehicle was unable to complete the turn, and it swerved back into the lane of travel in which the defendants' vehicle was moving. Bobb stated that he was unable to stop in time to avoid contact with Joseph's vehicle because it had suddenly veered back into his path after it was unable to make the turn onto the intersecting street. Since a triable issue of fact exists as to whether Joseph caused or contributed to the accident, the Supreme Court erred in resolving the conflicts in the affidavits in the plaintiffs' favor (*see Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 727 [2011]; *Anyanwu v Johnson*, 276 AD2d 572, 573 [2000]).

Contrary to the plaintiffs' contentions, it cannot be said that the statements contained in Bobb's affidavit were made in an attempt to create a feigned issue of fact (*see Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845 [2012]). Eng, P.J., Florio, Sgroi and Miller, JJ., concur.