■ Nicole M. Cortese, Respondent, v Igor Pobejimov, Respondent, and Nicholas Triano et al., Appellants. [24 NYS3d 405]—

In an action to recover damages for personal injuries, the defendants Nicholas Triano and Marena Associates, Inc., appeal, as limited by a letter dated October 7, 2015, from so much of an order of the Supreme Court, Richmond County (Green, J.), dated November 19, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

On June 10, 2011, the plaintiff was a passenger in the backseat of a vehicle owned by the defendant Marena Associates, Inc., and operated by the defendant Nicholas Triano (hereinafter together the appellants). The plaintiff alleged that while the appellant's vehicle was stopped for a traffic light at the intersection of Father Capodanno Boulevard and Hunter Avenue in Staten Island, it was struck from behind by a vehicle owned and operated by the defendant Igor Pobejimov.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Hauswirth v Transcare N.Y., Inc.*, 97 AD3d 792, 793 [2012]; *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). In support of their motion for summary judgment, the appellants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that while stopped in traffic for a red light at the aforementioned intersection, their vehicle was struck in the rear by Pobejimov's vehicle (*see Sokolowska v Song*, 123 AD3d 1004, 1005 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 777 [2014]; *Gallo v Jairath*, 122 AD3d 795, 797 [2014]). In opposition, neither the plaintiff nor Pobejimov raised a triable issue of fact. Pobejimov's claim that the appellants' vehicle came to a sudden stop was conclusory and insufficient, in and of itself, to provide a nonnegligent explanation for the rear-end collision (*see Brothers v Bartling*, 130 AD3d 554, 556 [2015]; *Hackney v Monge*, 103 AD3d 844 [2013]; *Xian Hong Pan v Buglione*, 101 AD3d 706, 707 [2012]). Furthermore, Pobejimov's contention that he did not recall seeing brake lights or any other illumination on the appellants' vehicle prior to the collision was also insufficient to raise a triable issue of fact (*see Balducci v Velasquez*, 92 AD3d

626, 629 [2012]; *Cortes v Whelan*, 83 AD3d 763, 764 [2011]; *Macauley v ELRAC, Inc.*, 6 AD3d 584, 585 [2004]). Moreover, neither Pobejimov nor the plaintiff raised a triable issue of fact as to whether an alleged malfunction of the brake lights on the appellants' vehicle proximately caused the accident (*see Gross v Marc*, 2 AD3d 681, 682 [2003]; *Filippazzo v Santiago*, 277 AD2d 419, 420 [2000]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.