MAEGAN LUTZ, Respondent, v DANIEL C. DEFABIO et al., Appellants. [33 NYS3d 741]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered October 1, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Matos v Tai*, 124 AD3d 848 [2015]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]; *Adams v Bruno*, 124 AD3d 566, 567 [2015]). Here, in support of her motion for summary judgment, the plaintiff submitted her affidavit in which she averred that, while stopped for a red light on Park Avenue at its intersection with North Woodhull Road in Huntington, her vehicle was struck in the rear by the defendants' vehicle. This affidavit was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law, as it demonstrated that she was not comparatively negligent in the happening of the subject accident and established a prima facie case of negligence against the defendants, requiring them to come forward with a nonnegligent explanation for the rear-end collision with her vehicle (*see Cortese v Pobejimov*, 136 AD3d 635 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d at 23; *Sokolowska v Song*, 123 AD3d 1004, 1005 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 777 [2014]; *Gallo v Jairath*, 122 AD3d 795, 797 [2014]; *Cajas-Romero v Ward*, 106 AD3d 850, 851-852 [2013]; *Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]).

In opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact by providing a nonnegligent explanation for the rear-end collision. The affidavit of the driver of the defendants' vehicle, the defendant Daniel C. Defabio, averred that an unidentified vehicle struck his vehicle in the rear, causing his vehicle to move forward and strike the rear of the plaintiff's vehicle (*see Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675 [2014]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876 [2007]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.