Charlie Fox, Inc., Respondent, 
against
Alceyni Diallo, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered August 13, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is granted.
Following a three-vehicle accident in the Bronx, William Rodriguez, an owner and driver of one of the vehicles, commenced an action in the Small Claims Part of the Bronx Civil Court against plaintiff herein, the owner of a second vehicle involved in the accident, which had been driven by Rudy Tatis Lopez. Thereafter, plaintiff commenced the instant indemnification and contribution action against defendant, the owner and driver of the third vehicle involved in the accident. By order of the Civil Court (Sally E. Unger, J.) dated April 22, 2014, the instant action was consolidated for trial with the Bronx action. By order entered August 13, 2014, the Civil Court (Jodi Orlow, J.) denied a motion by defendant for summary judgment dismissing the complaint, finding that plaintiff had raised a triable issue of fact to rebut defendant's prima facie showing.
In an affidavit in support of his motion, defendant stated that his "vehicle was at a full and complete stop when [it] was contacted in the rear. I did not observe the vehicle which struck my vehicle in the rear before the accident." Defendant thereby made a prima facie showing of his entitlement to summary judgment (see Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726 [2011]). In opposition, plaintiff submitted an affidavit of the driver of its vehicle, Mr. Lopez, who stated that he had been proceeding along East 161st Street, somewhere behind defendant's vehicle, when defendant's vehicle made an illegal right turn onto River Avenue from the express lane on East 161st Street. Lopez further stated that the Rodriguez vehicle then drove through a red light on River Avenue. As a result, Lopez, who had been proceeding through a green light on East 161st Street, was unable to avoid a collision with the Rodriguez vehicle, after which the Rodriguez vehicle rear-ended defendant's vehicle.
In view of the uncontroverted fact that defendant's vehicle was at a full and complete stop waiting for a light on River Avenue when it was rear-ended following the collision between plaintiff's vehicle and the Rodriguez vehicle, plaintiff failed to raise an issue of fact in support of its indemnification and contribution claims against defendant. Consequently, defendant's motion for summary judgment dismissing the complaint should have been granted.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: October 21, 2016