■ VICTORIA PILGRIM et al., Respondents, v ARUN VISHWANA-THAN, Defendant/Third-Party Plaintiff-Appellant, et al., De-

fendant. JANNETTE GONZOLEZ, Third-Party Defendant-Respondent. [56 NYS3d 268]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 30, 2016, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint and the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the third-party defendant's motion for summary judgment dismissing the third-party complaint and the plaintiffs' cross motion for summary judgment on the issue of liability are denied.

On August 16, 2014, a vehicle operated by the third-party defendant, Jannette Gonzolez, collided with a vehicle operated by the defendant third-party plaintiff, Arun Vishwanathan, at or near the intersection of Woodhaven Boulevard and 66th Avenue in Queens. Both plaintiffs were passengers in Gonzolez's vehicle at the time of the accident. Subsequently, the plaintiffs commenced this action against Vishwanathan and "John Doe." Vishwanathan then commenced a third-party action against Gonzolez. Gonzolez moved for summary judgment dismissing the third-party complaint, contending that Vishwanathan's negligent operation of his vehicle was the sole proximate cause of the accident. In support of the motion, Gonzolez submitted, inter alia, an affidavit wherein she averred that her vehicle had been stopped for about 10 to 15 seconds for a red traffic light when it was hit in the rear by Vishwanathan's vehicle. Gonzolez also alleged that Vishwanathan left the scene before the police arrived.

The plaintiffs cross-moved for summary judgment on the issue of liability, contending that Vishwanathan's negligent operation of his vehicle was the sole proximate cause of the accident. In support of the cross motion, the plaintiffs submitted affidavits wherein they alleged that they were sitting in Gonzolez's vehicle, which had been stopped for about 10 seconds for a red traffic light, when it was hit in the rear by Vishwanathan's vehicle, which left the scene of the accident. Vishwanathan opposed both the motion and cross motion and submitted an affidavit wherein he averred that it was his vehicle which was stopped for a red traffic light when it was hit in the rear by Gonzolez's vehicle. He also averred that he told

Gonzolez that she could leave the scene since there was minimal and/or no damage to his vehicle, and that both vehicles left the scene. Vishwanathan later learned that a police accident report alleged that his vehicle had hit Gonzolez's vehicle and left the scene. The Supreme Court granted the motion and cross motion. We reverse.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Lutz v Defabio*, 140 AD3d 1032, 1033 [2016]; *Cortese v Pobejimov*, 136 AD3d 635, 636 [2016]; *Salako v Nassau Inter-County Express*, 131 AD3d 687 [2015]; *Cajas-Romero v Ward*, 106 AD3d 850, 851 [2013]). Gonzolez established her initial burden as the movant by demonstrating, prima facie, that Vishwanathan was solely at fault for colliding with her vehicle, which was stopped for a red traffic light (*see Lutz v Defabio*, 140 AD3d at 1033; *Cortese v Pobejimov*, 136 AD3d at 636; *Salako v Nassau Inter-County Express*, 131 AD3d at 687-688; *Cajas-Romero v Ward*, 106 AD3d at 851-852). However, in opposition, Vishwanathan submitted evidence sufficient to raise triable issues of fact as to how the accident occurred and whether he was negligent at all in the happening of the accident (*see generally Pyo v Tribino*, 141 AD3d 639, 640 [2016]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Menelas v Yearwood-Bobb*, 100 AD3d 603, 605 [2012]; *Klopchin v Masri*, 45 AD3d 737, 738 [2007]).

Similarly, although the plaintiffs established, prima facie, that they were not negligent in the happening of the accident and that Vishwanathan was negligent in causing the accident (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 23 [2015]; *Rodriguez v Farrell*, 115 AD3d 929, 930 [2014]; *Hollis v Kellog*, 306 AD2d 244, 245 [2003]), Vishwanathan's affidavit submitted in opposition to the motion, which contradicted the plaintiffs' version of the accident and Gonzolez's version of the accident, raised triable issues of fact as to how the accident occurred and whether Vishwanathan was free from any negligence (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d at 25; *Anjum v Bailey*, 123 AD3d 852, 853 [2014]; *Pinilla v New York City Tr. Auth.*, 122 AD3d 703, 706 [2014]).

Accordingly, the Supreme Court should have denied both the motion and the cross motion. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.