Duvalsaint v Yupe-Garcia (2019 NY Slip Op 01196)





Duvalsaint v Yupe-Garcia


2019 NY Slip Op 01196


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-03985
 (Index No. 31403/17)

[*1]Marc E. Duvalsaint, respondent, 
v
Jorge Yupe-Garcia, et al., appellants.


Goergen, Manson & McCarthy, Middletown, NY (William A. Magliano of counsel), for appellants.
Adams Law Firm, P.C., Bardonia, NY (Jeffrey M. Adams of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 22, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
It is undisputed that on July 1, 2016, at the intersection of Route 45 and East Eckerson Road in Ramapo, a vehicle operated by the plaintiff collided with a vehicle owned by the defendant David H. Rolls and operated by the defendant Jorge M. Yupe-Garcia (hereinafter together the defendants). The plaintiff alleged that Yupe-Garcia "ran a red light" at the intersection and drove into the front of the defendant's vehicle. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, the ownership and operation of their vehicle. After joinder of issue, but before depositions had occurred, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendants appeal.
The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, his affidavit, demonstrating that he was proceeding through a green traffic light when the defendant driver entered the intersection against a red traffic light, and that the defendant driver's conduct was the sole proximate cause of the accident (see Jiang-Hong Chen v Heart Transit, Inc., 143 AD3d 945, 946; Joaquin v Franco, 116 AD3d 1009, 1009-1010; Deleg v Vinci, 82 AD3d 1146; Pitt v Alpert, 51 AD3d 650, 651; see also Rodriguez v City of New York, 31 NY3d 312). However, in opposition, the defendants raised a triable issue of fact as to how the subject accident occurred and whether the defendant driver was negligent at all in the happening of the accident (see Pilgrim v Vishwanathan, 151 AD3d 769, 771; see generally Pyo v Tribino, 141 AD3d 639, 640; Drakh v Levin, 123 AD3d 1084, 1085; Menelas v Yearwood-Bobb, 100 AD3d 603, 605; Klopchin v Masri, 45 AD3d 737, 738). The defendants submitted the affidavit of the defendant driver, which contradicted the plaintiff's version of the accident in that the defendant driver averred that the plaintiff had entered the intersection against a red light while the defendant driver was proceeding through the intersection with the green light in his favor.
Contrary to the Supreme Court's determination, none of the statements contained in the defendant driver's affidavit contradicted his earlier statement to the police that "he thought the light turned green so he began to proceed through the intersection." This statement in the accident report is not an admission of negligence on the part of the defendant driver, and thus, the averments in his affidavit concerning how the accident occurred cannot be said to have been made in an attempt to create feigned issues of fact designed to avoid the consequences of the instant motion (see Menelas v Yearwood-Bobb, 100 AD3d at 605; cf. Fontana v Fortunoff, 246 AD2d 626; Abramov v Miral Corp., 24 AD3d 397).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court