Adam v Catania (2019 NY Slip Op 01549)





Adam v Catania


2019 NY Slip Op 01549


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-05947
 (Index No. 702386/17)

[*1]Valerie Adam, respondent, 
v
Glenn Catania, et al., appellants.


Callahan & Fusco, LLC, New York, NY (Christian W. Hambleton of counsel), for appellants.
Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered December 7, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
The plaintiff alleges that on September 1, 2015, as she was driving, her vehicle was struck in the rear by a vehicle owned by the defendant Wheels LT and operated by the defendant Glenn Catania. The plaintiff commenced this action against the defendants to recover damages for personal injuries. Prior to discovery being completed, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
Contrary to the defendants' contention, the plaintiff's motion was not premature (see CPLR 3212[f]; Lopez v Dobbins, 164 AD3d 776; Brown v City of New York, 162 AD3d 733; Lynn v McCormick, 153 AD3d 688, 689). However, we disagree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the issue of liability through her affidavit. The plaintiff's averments in the affidavit demonstrated, prima facie, that the defendant driver was negligent in striking her vehicle in the rear (see Rodriguez v City of New York, 31 NY3d 312; Arslan v Costello, 164 AD3d 1408; Lopez v Dobbins, 164 AD3d 776). In opposition, however, the defendants, who submitted a certified copy of a police accident report regarding the subject accident, raised a triable issue of fact as to how the accident occurred and whether the defendants were negligent (see Pilgrim v Vishwanathan, 151 AD3d 769, 771; see generally Pyo v Tribino, 141 AD3d 639, 640; Drakh v Levin, 123 AD3d 1084, 1085; Menelas v Yearwood-Bobb, 100 AD3d 603, 605; Klopchin v Masri, 45 AD3d 737, 738).
Accordingly, the Supreme Court should have denied the plaintiff's motion for [*2]summary judgment on the issue of liability.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court