MD Sumsurzaha v Corso (2019 NY Slip Op 06817)





MD Sumsurzaha v Corso


2019 NY Slip Op 06817


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09957
 (Index No. 1368/18)

[*1]MD Sumsurzaha, appellant, 
v
Ralph A. Corso, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Sanford Hausler of counsel), for appellant.
Landman Corsi Ballaine & Ford P.C., New York, NY (Shayna A. Bryan and Tina S. Bhatt of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 14, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On August 18, 2017, a vehicle operated by the plaintiff and a vehicle owned by the defendant Rizzo Environmental Services Corp. and operated by the defendant Ralph A. Corso (hereinafter together the defendants) came into contact with one another, at or near the intersection of Queens Boulevard and 42nd Street, in Queens. Subsequently, the plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, the ownership and operation of their vehicle. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff established his prima facie entitlement to judgment as a matter of law through his affidavit, in which he averred that his vehicle was braking in response to a traffic signal at the aforementioned intersection, when it was struck in the rear by the defendants' vehicle. Such averments demonstrated, prima facie, that the defendant driver was negligent (see Rodriguez v City of New York, 31 NY3d 312; Lopez v Dobbins, 164 AD3d 776, 777; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755). However, in opposition, the defendants submitted evidence raising triable issues of fact as to how the accident occurred and whether the defendant driver was negligent in the happening of the accident (see Pilgrim v Vishwanathan, 151 AD3d 769).
Accordingly, we agree with the determination of the Supreme Court to deny the plaintiff's motion for summary judgment on the issue of liability.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court