Lopez v Suggs (2020 NY Slip Op 04470)





Lopez v Suggs


2020 NY Slip Op 04470


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08299
 (Index No. 708449/17)

[*1]Blanca Lopez, appellant, 
v
William Suggs, et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Victor Goldblum of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 20, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence of the plaintiff.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence of the plaintiff is granted.
In 2017, the plaintiff commenced this action for damages, alleging that she sustained personal injuries in April 2016, when the vehicle in which she was a passenger was struck in the rear by a vehicle owned by the defendant William Suggs and operated by the defendant Melissa N. Suggs. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence of the plaintiff. The Supreme Court denied the motion. The plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Edgerton v City of New York, 160 AD3d 809, 810; Cortese v Pobejimov, 136 AD3d 635, 636). Here, the plaintiff established her entitlement to judgment as a matter of law by demonstrating, prima facie, that the defendants' vehicle rear-ended the vehicle in which she was a passenger, which was stopped for a red traffic light (see Edgerton v City of New York, 160 AD3d at 810; Cortese v Pobejimov, 136 AD3d at 636), and that she was an innocent passenger who did not contribute to the happening of the accident (see Balladares v City of New York, 177 AD3d 942). In opposition, the defendants failed to raise a triable issue of fact. The defendants' contention that the motion was premature is without merit (see CPLR 3212[f]; Harrinarain v Sisters of St. Joseph, 173 AD3d 983, 984).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence of the plaintiff.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court