Igbayo v Kings & Queens Holdings, LLC (2022 NY Slip Op 50295(U))

[*1]

Igbayo v Kings & Queens Holdings, LLC

2022 NY Slip Op 50295(U) [74 Misc 3d 136(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1084 K C

Ruth Igbayo and Willa Igbayo, as
Administrators of the Estate of Betty Igbayo, Chibuzo Okwuaka, Lukmon Ajasa, Gina Newson,
Clarence Regis, Judy Regis, Dehomey Agrippa, Cecelia Lindsay, Thurston Williams, Mary
Williams, Lester Morris, Melissa Morris, Pauline Bygrave, Neville Ramsaran, Jacqueline Ifill,
Oswald Francois, Denise Powell, Natalie Baker,Yvette Sarvis and Christobel Mars, Appellants,
against
Kings & Queens Holdings, LLC, Urban American Management,
LLC, Antoinette Travaglino, The Department of Housing Preservation and Development, and
New York City Department of Buildings, Respondents. 

Wagner, Berkow & Brandt, LLP (Niki K. Khindri of counsel), for appellants.
Gutman, Mintz, Baker & Sonnenfeldt, LLP (Arianna Gonzalez-Abreu and Russell Polirer of
counsel), for respondents King & Queens Holdings, Urban American Mgmt and Travaglino.
NYC Law Department (Glenne E. Fucci and Devin Slack of counsel), for respondents DHPD and
NYC Department of Buildings.

Appeal from an order of the Civil Court of the City of New York, Kings County (Remy
Smith, J.), dated April 17, 2019. The order granted landlords' motion for summary judgment
dismissing the petition in an HP proceeding and denied tenants' motion to compel landlords to
provide access to the premises for further inspection.

ORDERED that the order is modified by providing that landlords' motion for summary
judgment dismissing the petition is denied; as so modified, the order is affirmed, without
costs.
After a seven-alarm fire on July 26, 2012 at the building in which tenants' apartments are
[*2]located, tenants commenced this HP proceeding to compel
landlords to correct Housing Maintenance Code violations and allow for further inspection by the
Department of Buildings. Tenants appeal from an order dated April 17, 2019 granting landlords'
motion for summary judgment dismissing the petition and denying tenants' motion to compel
landlords to provide access to the premises for further inspection.
The drastic remedy of summary judgment should be granted only if there are no triable issues
of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "The
function of the court on a motion for summary judgment is not to resolve issues of fact or
determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493,
493 [2005]). Additionally, in determining a motion for summary judgment, the evidence must be
viewed in the light most favorable to the nonmovant (see Pearson v Dix McBride, LLC, 63 AD3d 895, 895 [2009]).
Here, viewing the evidence in the light most favorable to tenants, landlords failed to establish,
prima facie, their entitlement to judgment as a matter of law (see Alvarez v Prospect
Hosp., 68 NY2d 320 [1986]). Under the circumstances, there are triable issues of fact as to
the existence and extent of open violations, vacate orders, building-wide problems, and
habitability of the subject building (see
generally D'Agostino v Forty-Three E. Equities Corp., 16 Misc 3d 59, 60-61 [App Term,
1st Dept 2007]).
Tenants' contention regarding their motion to compel landlords to provide access to the
premises for inspection is without merit. The Housing Maintenance Code provides that the Civil
Court may issue an order directing that access be provided whenever an inspection is required,
"upon appropriate application by the department" (NY City Housing Maintenance Code
[Administrative Code of City of NY] § 27-2123 [a]). Here, it is tenants who are seeking to
compel landlords to provide the Department of Buildings access, and the Housing Maintenance
Code does not provide that such injunctive relief may be ordered by the Civil Court upon
application by a tenant or tenants.
Accordingly, the order is modified by providing that landlords' motion for summary
judgment dismissing the petition is denied.
ALIOTTA, P.J., and GOLIA, J., concur.
TOUSSAINT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022