**Heard v McGovern & Co. LLC**

2024 NY Slip Op 33162(U)

September 10, 2024

Supreme Court, New York County

Docket Number: Index No. 160113/2016

Judge: W. Franc Perry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. W. FRANC PERRY</u>              PART

*Justice*

-------------------------------------------------------------------------------X

PAUL HEARD,

                                    Plaintiff,

                          - v -

MCGOVERN & COMPANY LLC,SL GREEN REALTY
CORP., EQUINOX EAST 53RD STREET, INC.,EQUINOX
HOLDINGS LLC,10E53 OWNER LLC,TRISTATE
PLUMBING SERVICES CORP., CT CONSTRUCTION
CONSULTANTS LLC,ECLIPSE DEVELOPMENT, INC.,

                                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160113/2016 |
| MOTION DATE | 01/08/2021 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 118, 122, 123, 124, 125, 128, 129, 130, 131, 132, 133, 134, 135, 149, 155

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

In this action alleging negligence and violations of the Labor Law, plaintiff claims he was injured on June 10, 2015 in the course of his employment as an electrician when he fell from an elevated work surface due to a dangerous sand defective lift, ladder and/or scaffold as well as debris at a construction project at 10 East 53rd Street, New York, N.Y. *See* NYSCEF Doc.No.70 ¶¶ 19-22.

The defendant, Equinox East 53rd Street, Inc., and Eclipse Development, Inc., ("Equinox") moved this Court for summary judgment alleging that Equinox is not a proper defendant as it had no role in hiring or supervising plaintiff's employer, Forest Electric. Equinox has provided documentary evidence of such. Specifically, an affidavit of the company's president and chief developmental officer, an invoice from Forest Electric to SL Green for the work at issue, Forest Electric's subpoena response indicating that the provided invoice is the

**160113/2016   HEARD, PAUL vs. MCGOVERN & COMPANY LLC**
**Motion No.  002**

**Page 1 of 4**

only record it has for the work at issue, SL Green's document production on the work at issue and lastly the lease showing that Equinox was not to take possession nor would the lease commence until work at the leased premises was performed by the landlord/owner. *See* NYSCEF Doc. Nos. 111-13; 129 and 131.

The plaintiff opposes this motion as none of the parties have affirmatively and fully admitted to hiring Forest Electric, the plaintiff's employer.[1] The absence of total factual clarity with respect to the plaintiff and the other defendants, does not counter the fact that Equinox has put forth evidence that it is entitled to summary judgment in this matter. Thus, the burden switches to the plaintiff to put forth contrary evidence to show Equinox is a proper Labor Law defendant. The plaintiff has failed to do so and has instead pointed to the lack of an admission by the defendants on who in fact hired Forest Electric. *See* NYSCEF Doc. No. 122. That assertion does not counter Equinox's clear proof that it did not hire Forest Electric or have any supervision over its work or the job site at the time of the alleged injury.

When deciding a motion for summary judgment this Court "must view the evidence in the light most favorable to the nonmoving party." *See Stukas v. Streiter*, 83 A.D.3d 18 (App. Div. 2nd Dept. 2011) (citing *Pearson v. Dix McBride*, 63 A.D.3d 895 (App. Div. 2nd Dept. 2009)). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" *Kolivas v Kirchoff*, 14 AD3d 493 (App. Div. 2nd Dept. 2005).

---

[1] While not a party admission, counsel for SL Green acknowledged at oral argument on this motion that SL Green hired Forest Electric for the work plaintiff was conducting. In addition, plaintiff's counsel expressed an interest and desire to dismiss all defendants who are not proper Labor Law defendants. *See* NYSCEF Doc. No. 135 pgs. 8-9, 15 & 27.

**160113/2016   HEARD, PAUL vs. MCGOVERN & COMPANY LLC**
**Motion No.  002**

**Page 2 of 4**

[* 2]

A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (See CPLR §3212[b]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (N.Y. Court of Appeals 1986). To make a prima facie showing, the moving party must "demonstrate its entitlement to summary judgment by submission of proof in admissible form" *See Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498, 507 (N.Y. Court of Appeals 2015); *see also Zuckerman v City of New York*, 49 NY2d 557, 562 (N.Y. Court of Appeals 1980). Admissible evidence may include "affidavits by persons having knowledge of the facts [and] reciting the material facts". *See Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d at 508 (citing *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 (N.Y. Court of Appeals 1985)); *see* CPLR § 3212[b]. Once a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. *See Alvarez v Prospect Hosp.*, 68 NY2d at 324.

After reviewing the arguments and the documentary evidence provided, there is no dispute that Equinox did not hire or supervise the plaintiff's employer at the time of his alleged injury. Nor has the plaintiff provided any evidence to contradict the evidence provided by Equinox that it did not hire the plaintiff's employer for the work at issue or have control or possession of the premises at the time of the plaintiff's alleged injury.

Thus, it is hereby: ORDERED that defendant's motion for summary judgment is granted and the complaint is dismissed against it with costs and disbursements to defendant as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**160113/2016   HEARD, PAUL vs. MCGOVERN & COMPANY LLC**
**Motion No.  002**

**Page 3 of 4**

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of this Court.

| | | | | |
|---|---|---|---|---|
| **09/10/2024** | | | **W. FRANC PERRY, J.S.C.** | |
| **DATE** | | | | |

CHECK ONE: | ☐ CASE DISPOSED | | ☐ NON-FINAL DISPOSITION |
| **X** GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER |
CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160113/2016   HEARD, PAUL vs. MCGOVERN & COMPANY LLC**
**Motion No.  002**

**Page 4 of 4**

[* 4]