■ FRANCESCA LONGO, Respondent, v ARMOR ELEVATOR CO., INC., Respondent, and 600 THIRD AVENUE ASSOCIATES et al., Appellants. (Action No. 1.) MICHELE C. PETITT et al., Respondents-Appellants, v ARMOR KONE ELEVATOR CO., INC., Respondent, and 600 THIRD AVENUE ASSOCIATES et al., Appellants-Respondents. MICHELE C. PETITT et al., Appellants, v ARMOR KONE ELEVATOR CO., INC., Defendant, and 600 THIRD AVENUE ASSOCIATES et al., Respondents. (Action No. 2.) [763 NYS2d 597] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 4, 2002, which, in actions for personal injuries sustained when an elevator in an office building owned by defendants-appellants (the Building defendants) allegedly dropped 20 floors, granted plaintiff's motion in Action No. 2 for disclosure sanctions only to the extent of resolving in her favor the issue of whether the Building defendants had notice of the alleged defective condition that caused plaintiff's injuries, unanimously affirmed, without costs. Order, same court and Justice, entered June 28, 2002, which, in Action No.

2, inter alia, granted motions by the Building defendants and defendant elevator service company for summary judgment to the extent of dismissing the causes of action for intentional infliction of emotional distress as against both such defendants, dismissing the causes of action for negligent infliction of emotional distress as against the elevator company only, and dismissing the claims for punitive damages under the negligence causes of action as against the elevator company only, and, in Action No. 1, granted plaintiff's cross motion to amend the complaint so as to assert a claim for punitive damages as against the Building defendants, unanimously modified, on the law and the facts, to dismiss the claims for punitive damages under the negligence causes of action against the Building defendants and to deny plaintiff's cross motion to amend the complaint so as to assert a claim for punitive damages as against the Building defendants, and as modified, affirmed, without costs. Order, same court and Justice, entered on or about September 9, 2002, which, insofar as appealed from, denied plaintiff's motion for further disclosure sanctions against the Building defendants, unanimously affirmed, without costs.

The challenged resolving order (CPLR 3126 [1]) was an appropriate disclosure sanction for the Building defendants' repeated and continuing failure to produce documents that they were ordered to produce in a decision of this Court on a previous appeal (278 AD2d 127, 129 [2000]), or to adequately explain their inability to do so (see Kihl v Pfeffer, 94 NY2d 118, 123 [1999]; Jackson v City of New York, 185 AD2d 768, 770 [1992]). However, absent a clear showing of spoliation, we reject plaintiff's argument that other, more severe sanctions should have been imposed.

The IAS court should have granted the Building defendants' motions to dismiss the negligent infliction of emotional distress and punitive damages claims. The Building defendants owed a nondelegable duty to maintain the premises in a reasonably safe condition (see Sciolaro v Asch, 198 NY 77, 81-83 [1910]; Gallagher v St. Raymond's R.C. Church, 21 NY2d 554, 557 [1968]). Under the applicable provisions of the New York City Building Code, the elevator cable defects involved in causing plaintiffs' alleged injuries are defined as conditions "dangerous to human life and safety" (1 RCNY 11-02 [a]). That the Building defendants had notice of a dangerous condition does not satisfy the requirements for either a negligent infliction of emotional distress claim or a punitive damages remedy.

For conduct to serve as a basis for punitive damages, there

must be evidence of malice or a wanton disregard for public safety (*see Bothmer v Schooler, Weinstein, Minsky & Lester*, 266 AD2d 154 [1999]; *Camillo v Geer*, 185 AD2d 192, 194 [1992]). As the IAS court properly found, the Building defendants made prima facie showings that their conduct did not rise to this standard since various elevator improvements had been effected since their 1982 acquisition. Consultants had been retained to evaluate elevator performance and a modernization project had been contracted, although not yet implemented. Plaintiffs did not submit evidence which raised an issue of fact as to whether the Building defendants' conduct was either malicious or wantonly indifferent to public safety. Similarly, plaintiffs cannot establish the element of extreme and outrageous conduct for a negligent infliction of emotional distress claim since there is no evidence that the Building defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency (*Howell v New York Post Co.*, 81 NY2d 115, 121-122 [1993]). We have considered the parties' other arguments for affirmative relief and find them to be unavailing. Concur— Buckley, P.J., Nardelli, Sullivan and Rosenberger, JJ.