■ QI SHENG LU, Respondent, v WORLD WIDE TRAVEL OF GREATER NEW YORK, LTD., et al., Appellants. [974 NYS2d 547]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 29, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

This action arises out of a motor vehicle accident that occurred on December 24, 2010, at approximately 1:00 a.m., at the intersection of Division Street and Bowery in Manhattan. The plaintiff alleged that he was waiting to make a right turn onto Bowery when the defendants' bus came into his lane and struck the side of his vehicle. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion.

In support of his motion, the plaintiff established his prima facie entitlement to judgment as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023 [2010]; Them-Tuck Chung v Pinto, 26 AD3d 428, 429 [2006]; Gomez v Sammy's Transp., Inc., 19 AD3d 544 [2005]). However, in opposition thereto, the defendants raised a triable issue of fact, inter alia, as to how the accident occurred (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Jimenez v Kimmerling, 95 AD3d 953, 954 [2012]; Tovmasyan v New York City Tr. Auth., 75 AD3d 638 [2010]). Contrary to the Supreme Court's determination, the alleged technical defect relating to the notary public's stamp that was imprinted upon the affidavit of the defendant Yvon Pressoir did not invalidate the official act of the notary public (see CPLR 2001; Executive Law § 137; Parkhill v Cleary, 305 AD2d 1088, 1089 [2003]) and, hence, did not invalidate the affidavit. Moreover, the alleged defect was raised for the first time in the plaintiff's reply papers and was sufficiently addressed by the defendants in their sur-reply papers (see generally Hanscom v Goldman, 109 AD3d 964, 964 [2013]). Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.