■ INDEPENDENT TEMPERATURE CONTROL SERVICES, INC., Plaintiff, v WDF, INC., et al., Appellants, and M.A. ANGELIADES, INC., Respondent, et al., Defendants. [995 NYS2d 501]—

In an action, inter alia, to recover damages for breach of contract, the defendants WDF, Inc., and Fidelity and Deposit Company of Maryland appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated March 6, 2013, as denied that branch of their motion which was for sanctions against the defendant M.A. Angeliades, Inc., for spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the motion of the defendants WDF, Inc., and Fidelity and Deposit Company of Maryland (hereinafter together the movants) which was to impose sanctions against the defendant M.A. Angeliades, Inc. (hereinafter Angeliades), for spoliation of evidence (*see Jenkins v City of New York*, 13 AD3d 342 [2004]). Sanctions for spoliation are available only when a party has intentionally or negligently disposed of critical evidence, which fatally compromised the other party's ability to prove a claim or defense (*see Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960, 962 [2012]). Here, the movants failed to demonstrate that Angeliades disposed of any evidence, and did not allege that any particular piece of evidence was missing. Sanctions for spoliation therefore were not warranted (*cf. Giuliano v 666 Old Country Rd., LLC*, 100 AD3d at 962; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 719 [2009]).

Moreover, the movants failed to establish that any failure of Angeliades to comply with discovery demands was willful and contumacious, and, thus, sanctions pursuant to CPLR 3126 were not warranted (*see Umans v Tomfar Transp., Inc.*, 9 AD3d 405, 405-406 [2004]; *Novikov v Maimonides Med. Ctr.*, 50 AD3d 987, 987-988 [2008]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.

Motion by the appellants on an appeal from an order of the Supreme Court, Queens County, dated March 6, 2013, inter alia, to strike stated portions of the brief filed by the respondent M.A. Angeliades, Inc., and the defendant Federal Insurance

Company on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated October 28, 2013, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers in opposition thereto, it is

Ordered that that branch of the motion which was to strike stated portions of the brief filed by the respondent M.A. Angeliades, Inc., and the defendant Federal Insurance Company is granted to the extent that those portions of the brief which refer to off-the-record discussions and arguments before the Supreme Court concerning the email discovery issue are deemed stricken and have not been considered in the determination of the appeal, and the motion is otherwise denied. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.