■ FLORENCIO PASCUAL GONZALEZ, Appellant, v CITY OF NEW ROCHELLE et al., Respondents. [18 NYS3d 98]—In an action to

recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Connolly, J.), dated December 2, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was involved in an accident while riding a bicycle near the intersection of Main Street and Stephenson Boulevard in New Rochelle, when the bicycle collided with a truck owned by the defendant City of New Rochelle and operated by the defendant Lino Giannotti, Jr.

The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff thereafter moved for summary judgment on the issue of liability. In support of his motion, the plaintiff submitted his own affidavit, in which he stated that the accident occurred as he was riding his bicycle in the eastbound right lane of Main Street. According to the plaintiff, the defendants' truck was traveling directly behind him in the right lane, sped past him, and suddenly and without warning made a right turn in front of him, making it impossible to avoid the collision. The Supreme Court denied the motion. The plaintiff appeals.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his affidavit, which demonstrated that Giannotti was negligent because he violated Vehicle and Traffic Law § 1146 (a), and that the plaintiff was free from comparative fault (see Singh v Thomas, 113 AD3d 748 [2014]; cf. Shui-Kwan Lui v Serrone, 103 AD3d 620 [2013]).

In opposition, however, the defendants submitted Giannotti's affidavit, which directly contradicted the plaintiff's account of the accident, and raised triable issues of fact as to how the accident occurred, whether Giannotti was negligent, and whether the plaintiff was comparatively at fault (see Blok v Mammadov, 126 AD3d 836, 837 [2015]; Freeman v Tawil, 119 AD3d 521, 522 [2014]; Gluck v New York City Tr. Auth., 118 AD3d 667, 669 [2014]). Contrary to the plaintiff's contention, Giannotti's affidavit raised questions of credibility for a jury to determine (see Brown v Pinkett, 110 AD3d 1024, 1025 [2013]) and did not constitute an attempt to create a feigned issue (see Valentin v Parisio, 119 AD3d 854 [2014]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.