■ ROBIN MILKINS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [33 NYS3d 454]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated March 26, 2015, which denied their motion for leave to renew their opposition to the plaintiff's prior motion for summary judgment on the issue of liability, which had been granted in an order of the same court dated December 12, 2014.

Ordered that the order dated March 26, 2015, is reversed, on the law, with costs, the defendants' motion for leave to renew is granted, upon renewal, the order dated December 12, 2014, is vacated, and the plaintiff's motion for summary judgment on the issue of liability is denied.

On November 27, 2013, the plaintiff was injured when she was struck by a bus owned and operated by the defendants as she was crossing Clarkson Avenue at its intersection with Bedford Avenue in Brooklyn. Thereafter, she commenced this action to recover damages for personal injuries. In support of her motion for summary judgment on the issue of liability, the plaintiff submitted an affidavit in which she stated that she entered the crosswalk at the subject intersection after looking in both directions, was walking within the crosswalk with the signal in her favor, and after she reached the middle of the street the defendants' bus struck her from behind. She also submitted the police accident report, which contained her admission that she was crossing diagonally across the intersection when she was struck by the bus. After the defendants submitted their opposition papers, which did not include an affidavit, the Supreme Court granted the plaintiff's motion without prejudice to renewal by the defendants upon papers including an affidavit. Thereafter, the defendants promptly moved for leave to renew their opposition by submitting an affidavit from the defendant bus driver. The Supreme Court denied the defendants' motion.

The Supreme Court improperly denied the defendants' motion for leave to renew. In support of their motion, the defendants submitted the defendant bus driver's affidavit, which directly contradicted the plaintiff's account of the accident, and raised triable issues of fact as to how the accident occurred, whether the bus driver was negligent, and, if so, whether the

plaintiff was comparatively at fault (*see Gonzalez v City of New Rochelle*, 132 AD3d 724, 725 [2015]; *Blok v Mammadov*, 126 AD3d 836, 837 [2015]; *Freeman v Tawil*, 119 AD3d 521, 522 [2014]; *Gluck v New York City Tr. Auth.*, 118 AD3d 667, 669 [2014]). Accordingly, the Supreme Court should have granted the defendants' motion for leave to renew their opposition to the plaintiff's prior motion, and, upon renewal, should have denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.