Ustelimova v Madar (2018 NY Slip Op 02164)





Ustelimova v Madar


2018 NY Slip Op 02164


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-13313
 (Index No. 501678/16)

[*1]Natalia Ustelimova, appellant, 
v
Menachm M. Madar, respondent.


William Pager, Brooklyn, NY, for appellant.
Morris, Duffy, Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated December 7, 2016. The order denied the plaintiff's motion for summary judgment on the issue of liability with leave to renew upon the completion of discovery.
ORDERED that the order is affirmed, with costs.
On October 14, 2015, the plaintiff, while pushing a cart, was crossing Seton Place at its intersection with 18th Avenue in Brooklyn when a vehicle owned and operated by the defendant allegedly struck her while she was walking in the crosswalk as the vehicle was making a turn. The plaintiff subsequently commenced this action to recover damages for personal injuries. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion with leave to renew upon the completion of discovery.
In support of her motion, the plaintiff submitted, inter alia, her affidavit, wherein she averred that she was walking within a crosswalk when the defendant's vehicle failed to yield the right-of-way and struck her. She also averred that, exercising due care, she had looked in both directions to check for approaching vehicles before she entered the crosswalk. This evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability, including her freedom from comparative fault (see Zhu v Natale, 131 AD3d 607; Ricci v Lo, 95 AD3d 859; Hamilton v King Tung Kong, 93 AD3d 821; Kusz v New York City Tr. Auth., 88 AD3d 768). In opposition, however, the defendant submitted his own affidavit in which he provided an account of the accident which contradicted the plaintiff's account (see Voskoboinyk v Trebisovsky, 154 AD3d 997, 998). The defendant averred that the plaintiff was still on the sidewalk when he began his turn and that he had almost completed the turn when the plaintiff's cart came into contact with the rear passenger side of his vehicle. Thus, the defendant raised triable issues of fact as to how the accident occurred, whether he was negligent and, if so, whether the plaintiff was comparatively at fault (see Pilgrim v Vishwanathan, 151 AD3d 769, 771; Milkins v New York City Tr. Auth., 140 AD3d 936, 936-937; Gonzalez v City of New Rochelle, 132 AD3d 724, 725).
In light of our determination, we need not address the defendant's remaining contention.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court