Kaziu v Human Care Servs. for Families & Children, Inc. (2018 NY Slip Op 08287)





Kaziu v Human Care Servs. for Families & Children, Inc.


2018 NY Slip Op 08287


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-03360
 (Index No. 13127/14)

[*1]Bujar Kaziu, appellant, 
v
Human Care Services for Families & Children, Inc., et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Joseph P. Stoduto and David M. Schwartz of counsel), for appellant.
White Werbel & Fino, LLP, New York, NY (Matthew I. Toker and Shelly K. Werbel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 25, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when a vehicle he was operating was involved in a collision with a vehicle operated by the defendant Jules DeLouis and owned by DeLouis's employer, the defendant Human Care Services for Families & Children, Inc. The plaintiff commenced this personal injury action against the defendants, alleging that they were negligent in, among other things, the ownership and operation of their vehicle. The plaintiff moved for summary judgment on the issue of liability, arguing that the defendant driver violated Vehicle and Traffic Law §§ 1172(a) and 1142(a), and that his negligence was the sole proximate cause of the subject accident. The Supreme Court denied the motion, and the plaintiff appeals.
In support of his motion for summary judgment, the plaintiff submitted his own deposition transcript in which he testified that the collision occurred at the intersection of East 2nd Street and Avenue O in Brooklyn. The plaintiff testified that, at the time of the accident, his vehicle was traveling on Avenue O, and that the defendants' vehicle was traveling on East 2nd Street. According to the plaintiff, the defendants' vehicle failed to yield at a stop sign in violation of Vehicle and Traffic Law § 1142(a) and struck the side of the plaintiff's vehicle as it was lawfully proceeding through the intersection. "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024; see Gluck v New York City Tr. Auth., 118 AD3d 667, 669). Therefore, the plaintiff established his prima facie entitlement to judgment as a matter of law (see McPherson v Chanzeb, 123 AD3d 1098, 1099; Hutton v Whelan, 104 AD3d 914, 915; Jaramillo v Torres, 60 AD3d 734, 735; see also Rodriguez v City of New York, 31 NY3d 312).
In opposition, the defendants raised a triable issue of fact as to how the accident occurred. Summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruggiero v DePalo, 153 AD3d 870, 872 [internal quotation marks omitted]; see Singletary v [*2]Alhalal Rest., Inc., 163 AD3d 738; Gardella v Remizov, 144 AD3d 977, 979; Pavane v Marte, 109 AD3d 970, 971). The defendants proffered the defendant driver's deposition transcript in which he testified that the accident occurred just after he had exited a parking spot on Avenue O. According to the defendant, he exited the parking spot by driving forward, and then the front of the plaintiff's vehicle struck the front side fender of his vehicle. The parties' conflicting testimony demonstrate the existence of triable issues of fact as to how the accident occurred, where the accident occurred, and whether the defendant driver was negligent (see Pinchevsky v Lasher, 125 AD3d 624; Gluck v New York City Tr. Auth., 118 AD3d at 669; Qui Sheng Lu v World Wide Travel of Greater N.Y., Ltd., 111 AD3d 690; see also Milkins v New York City Tr. Auth., 140 AD3d 936).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff's remaining contention is not properly before this Court, as it was raised for the first time in his reply papers (see Zarabi v Movahedian, 136 AD3d 895, 896; Leavy v Merriam, 133 AD3d 636, 638; Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d 1048, 1049).
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court