Husovic v Structure Tone, Inc. (2019 NY Slip Op 02954)





Husovic v Structure Tone, Inc.


2019 NY Slip Op 02954


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9016 157134/16

[*1]Jasmina Husovic, Plaintiff-Respondent,
v
Structure Tone, Inc., Defendant-Appellant.


Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellant.
Law Office of Craig Rosuck, PC, New York (Elliot Budashewitz of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 30, 2018, which denied defendant's motion to vacate an order, entered on or about December 13, 2017, imposing discovery sanctions, unanimously affirmed, without costs.
"If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" the court may, inter alia, make an order "that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order" (CPLR 3126[1]; Longo v Armor El. Co., 307 AD2d 848, 849 [1st Dept 2003]). A determination of sanctions pursuant to CPLR 3216 lies in the trial court's discretion and should not be set aside absent a clear abuse of discretion (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]; De Socio v 136 E. 56th St. Owners, Inc., 74 AD3d 606, 607 [1st Dept 2010][citing Arts4All, Ltd. v Hancock, 54 AD3d 286, 286 [1st Dept 2008], affd 12 NY3d 846 [2009], cert denied 559 US 905 [2010]).
Here, Supreme Court issued three separate discovery orders directing defendant to produce documents, including one order that expressly laid out what documents needed to be provided and warned that failure to comply may result in sanctions. Defendant failed to demonstrate a reasonable excuse for its failure to comply (see Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 221-222 [1st Dept 2010]). Accordingly, Supreme Court providently exercised its discretion in resolving limited factual issues in favor of plaintiff (CPLR 3126[1];Rogers v Howard Realty Estates, Inc., 145 AD3d 1051, 1052 [2d Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK