Parauda v Encompass Ins. Co. of Am. (2020 NY Slip Op 06802)





Parauda v Encompass Ins. Co. of Am.


2020 NY Slip Op 06802


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-08503
 (Index No. 61128/15)

[*1]John E. Parauda, et al., respondents-appellants,
v
Encompass Insurance Company of America, appellant-respondent.


Hurwitz & Fine, P.C., Buffalo, NY (Steven E. Peiper of counsel), for appellant-respondent.
Bleakley Platt & Schmidt, LLP, White Plains, NY (John S. Diaconis of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to provide insurance coverage to the plaintiffs for damage to their property, the defendant appeals, and the plaintiffs cross-appeal, from a judgment of the Supreme Court, Westchester County (Stephen A. Bucaria, J.), entered June 12, 2018. The judgment, insofar as appealed from, upon an order of the same court dated January 25, 2018, inter alia, denying the defendant's motion for summary judgment dismissing the complaint and declaring that the defendant is not obligated to provide insurance coverage to the plaintiffs for damage to their property, and, upon searching the record, awarding summary judgment to the plaintiff declaring that the defendant is obligated to provide insurance coverage to the plaintiffs for the damage to their property, is in favor of the plaintiffs and against the defendant in the principal sum of $112,124.22. The judgment, insofar as cross-appealed from, upon the order dated January 25, 2018, among other things, denying the plaintiffs' cross motion to impose sanctions on the defendant for spoliation of evidence, failed to award the plaintiffs certain costs.
ORDERED that the judgment is reversed insofar as appealed from, on the law, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment declaring that the defendant is not obligated to provide insurance coverage to the plaintiffs for the subject damage to their property; and it is further,
ORDERED that the judgment is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant .
On October 8, 2014, the plaintiffs filed a claim with the defendant insurer under a homeowner's insurance policy for alleged damage to their house, including decayed framing behind a brick facade due to water infiltration. On November 5, 2014, the defendant denied the plaintiffs' claim on the grounds that it did not involve a "collapse" for which coverage is provided and was [*2]subject to various exclusions under the policy. The plaintiffs commenced this action to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to provide insurance coverage to the plaintiffs for the subject damage. Thereafter, the defendant moved for summary judgment dismissing the complaint and for a judgment declaring that it is not obligated to provide coverage for the damage. The plaintiffs cross-moved to impose sanctions on the defendant for spoliation of evidence, asserting that the defendant failed to impose a litigation hold for emails and documents relating to the plaintiffs' claim. In an order dated January 25, 2018, the Supreme Court denied the defendant's motion for summary judgment, upon searching the record, awarded summary judgment to the plaintiff declaring that the defendant is obligated to provide coverage to the plaintiffs for the subject damage, and denied the plaintiffs' cross motion to impose sanctions for spoliation of evidence. On June 12, 2018, the court entered a judgment in favor of the plaintiffs and against the defendant in the principal sum of $112,124.22. The defendant appeals, and the plaintiffs cross-appeal, from the judgment.
"'In determining a dispute over insurance coverage, we first look to the language of the policy'" (Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d 706, 707, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "Generally, where an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language" (Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d at 707 [internal quotation marks omitted]). "'[A]lthough the insurer has the burden of proving the applicability of an exclusion, it is the insured's burden to establish the existence of coverage'" (id., quoting Platek v Town of Hamburg, 24 NY3d 688, 694).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the claimed damage did not involve "an abrupt falling down or caving in of . . . any part of [the property]" which was no longer "standing," as required to constitute a covered "collapse" under the policy (see Squairs v Safeco Natl. Ins., 136 AD3d 1393, 1394; Rapp B. Props., LLC v RLI Ins. Co., 65 AD3d 923, 924-925), and that the claimed damage fell within certain exclusions (see Squairs v Safeco Natl. Ins., 136 AD3d at 1394; Cali v Merrimack Mut. Fire Ins. Co., 43 AD3d 415, 417). In opposition, the plaintiffs failed to raise a triable issue of fact through the submission of the affidavit of Diego Fernandez, a contractor, who did not indicate that any portion of the property was no longer standing or identify any specific damage which fell within the definition of a covered "collapse." Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint and for a judgment declaring that it is not obligated to provide insurance coverage for the subject damage.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an amended judgment, inter alia, declaring that the defendant is not obligated to provide insurance coverage to the plaintiffs for the subject damage (see Lanza v Wagner, 11 NY2d 317, 334).
Furthermore, contrary to the plaintiffs' contention, they failed to demonstrate that sanctions should be imposed on the defendant for spoliation of evidence. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Delmur, Inc. v School Constr. Auth., 174 AD3d 784, 786 [internal quotation marks omitted]). The party seeking sanctions for spoliation has the burden of demonstrating that "the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim . . . such that the trier of fact could find that the evidence would support that claim" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]). "The intentional or willful destruction of evidence is sufficient to presume relevance, as is destruction that is the result of gross negligence" (see VOOM HD Holdings LLC v Echostar Satellite L.L.C., 93 AD3d 33, 45).
Here, as the defendant asserted, its claims adjuster made the determination to deny coverage of the plaintiffs' claim on October 17, 2014. Thus, the defendant should have reasonably anticipated litigation as of October 17, 2014, and its failure to impose a litigation hold on that date [*3]supports an inference of relevance (see id. at 48). However, the defendant rebutted the inference of relevance by establishing that the evidence which allegedly was destroyed due to the lack of a litigation hold "would not support the [plaintiffs'] claims" (id. at 45 [internal quotation marks omitted]). Accordingly, we agree with the Supreme Court's denial of the plaintiffs' motion to impose sanctions on the defendant for spoliation of evidence.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court