25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co. (2021 NY Slip Op 02776)





25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co.


2021 NY Slip Op 02776


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2016-04867 
2016-10843
 (Index No. 150345/13)

[*1]25 Bay Terrace Associates, L.P., appellant-respondent, 
v
Public Service Mutual Insurance Company, etc., respondent-appellant.


Carroll McNulty & Kull LLC, New York, NY (Kristin V. Gallagher and Joanna L. Young of counsel), for appellant-respondent.
Ohrenstein & Brown, LLP, Garden City, NY (Matthew Bryant of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance policy, (1) the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated April 14, 2016, and (2) the defendant appeals from an order of the same court dated October 13, 2016. The order dated April 14, 2016, insofar as appealed from, denied the plaintiff's motion for summary judgment on the first cause of action. The order dated April 14, 2016, insofar as cross-appealed from, denied the defendant's cross motion for summary judgment dismissing the complaint and the defendant's separate motion pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence. The order dated October 13, 2016, denied the defendant's motion for leave to renew that branch of its prior cross motion which was for summary judgment dismissing the plaintiff's claim for $673,559 in damages pursuant to the "Extra Expense" provision of the subject policy.
ORDERED that the order dated April 14, 2016, is affirmed insofar as appealed and cross appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated October 13, 2016, is affirmed, without costs or disbursements.
In 2013, the plaintiff commenced this action against the defendant to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing, in connection with a commercial insurance policy (hereinafter the policy) that the plaintiff purchased from the defendant for a multi-story property (hereinafter the property) located in Staten Island. The plaintiff alleges that the defendant breached the policy and acted in bad faith in response to the plaintiff's insurance claim stemming from damages to the property suffered as a direct result of Hurricane Irene, which struck on August 28, 2011. According to the plaintiff, the hurricane caused major damage to the property's roof fascia and support structures situated above the property's individual apartment units.
After discovery, the plaintiff moved for summary judgment on the first cause of action, which was to recover damages for breach of contract. The defendant cross-moved for summary judgment dismissing the complaint. The defendant separately moved pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence, alleging that the plaintiff, as owner and manager of the property, failed to identify its tenants, and failed to disclose and/or produce its leases, rent rolls, and maintenance records. In an order dated April 14, 2016, the Supreme Court denied the plaintiff's motion and the defendant's cross motion. It also denied the defendant's separate motion for sanctions, but ordered the plaintiff to promptly furnish relevant documents in response thereto. The plaintiff appeals, and the defendant cross-appeals, from this order.
Although the parties disagree about the substantive import of the plaintiff's subsequent document production, there is no dispute that the plaintiff produced the property's prior leases and rent roll as of August 2011, and copies of certain photographs relied upon by the plaintiff's experts, which photographs the defendant deemed to be unviewable. The defendant subsequently moved for leave to renew that branch of its prior cross motion which was, in effect, for summary judgment dismissing so much of the complaint as sought to recover $673,559 in damages pursuant to the "Extra Expense" provision of the policy (hereinafter Extra Expense). In an order dated October 13, 2016, the Supreme Court denied the defendant's motion. The defendant appeals from this order.
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569). In other words, "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475). "[C]ontract language is ambiguous when it is reasonably susceptible of more than one interpretation, and extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (RE/MAX of N.Y., Inc. v Energized Realty Group, LLC, 135 AD3d 924, 925 [internal quotation marks omitted]). Only when an ambiguity is found within the four corners of the contract may the court consider extrinsic evidence; extrinsic evidence should not be used to create an ambiguity in a written agreement which is unambiguous on its face (see W.W.W. Assoc. v Giancontieri, 77 NY2d at 162). Where several constructions of a contract are possible, the court can look to the surrounding facts and circumstances to determine the intent of the parties (see 67 Wall St. Co. v Franklin Natl. Bank, 37 NY2d 245, 248-249; M. O'Neil Supply Co. v Petroleum Heat & Power Co., 280 NY 50, 55-56).
"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965, quoting Canzona v Atanasio, 118 AD3d 837, 838; Dee v Rakower, 112 AD3d 204, 208-209). Here, the plaintiff established its prima facie entitlement to summary judgment on the first cause of action to recover damages for breach of contract, as it demonstrated that the defendant materially breached the unambiguous policy terms by failing to compensate. In opposition to the plaintiff's prima facie showing, however, the defendant raised triable issues of fact. Specifically, the defendant's submissions raised triable issues of fact concerning whether Hurricane Irene directly caused some or all of the property damage, or whether pre-existing wear and tear and/or prior maintenance work and repairs had contributed to the damages thereto. Given that the parties have submitted affidavits from engineers whose conclusions regarding the cause of the property damage are directly contradictory, triable issues of fact preclude an award of summary judgment (see Pilgrim v Vishwanathan, 151 AD3d 769, 771; Milkins v New York City Tr. Auth., 140 AD3d 936, 937; Gonzalez v City of New Rochelle, 132 AD3d 724, 725). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment.
The Supreme Court also properly denied that branch of the defendant's cross motion [*2]which was for summary judgment dismissing the first cause of action, which was to recover damages for breach of contract. The defendant established, prima facie, through its evidentiary submissions, that it did not materially breach the unambiguous terms of the policy. The defendant submitted evidence that the property's roof had pre-existing problems and/or deficiencies long before Hurricane Irene's landfall in 2011, and that prior wear and tear and/or previous maintenance and repairs at the property significantly contributed to the water damage that was allegedly first detected after the storm. In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether the damages sustained to the property were directly caused by Hurricane Irene. The plaintiff's evidence demonstrated that the damages were a direct result of Hurricane Irene's strong winds which loosened and tore fascia from the roof structure and caused the water infiltration problems at the heart of the parties' dispute (see Pilgrim v Vishwanathan, 151 AD3d at 771; Milkins v New York City Tr. Auth., 140 AD3d at 937; Gonzalez v City of New Rochelle, 132 AD3d at 725).
"Implicit in every contract is an implied covenant of good faith and fair dealing" (Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976; see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781, 784). "The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct" (Gutierrez v Government Empls. Ins. Co., 136 AD3d at 976; see Moran v Erk, 11 NY3d 452, 456; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153). Such a cause of action is not necessarily duplicative of a cause of action alleging breach of contract (see Gutierrez v Government Empls. Ins. Co., 136 AD3d at 976; see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d at 784).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing. Accordingly, and in light of the triable issues of fact which exist regarding the cause of the damage to the property, which issues are central to both causes of action, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing (see Gitlin v Chirinkin, 98 AD3d 561, 562; Ptasznik v Schultz, 223 AD2d 695, 696). Furthermore, as this Court previously determined in 25 Bay Terrace Assoc., L.P. v. Public Serv. Mut. Ins. Co. (144 AD3d 665, 667-668), the cause of action sounding in breach of the implied covenant of good faith and fair dealing is "not necessarily duplicative" of the distinct cause of action alleging breach of contract, and should not be dismissed on that ground (id. at 667 [internal quotation marks omitted]).
The defendant separately moved pursuant to CPLR 3126 for the imposition of sanctions against the plaintiff for spoliation of evidence. "[W]hen a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629; see CPLR 3126). "The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to defend [the] action'" (Utica Mut. Ins. Co. v. Berkoski Oil Co., 58 AD3d 717, 718, quoting Lawson v Aspen Ford, Inc., 15 AD3d 628, 629; see Kirschen v Marino, 16 AD3d 555, 555-556). "However, 'striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct,' and, thus, courts must 'consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718, quoting Iannucci v Rose, 8 AD3d 437, 438; see Favish v Tepler, 294 AD2d 396, 397). "When the moving party is still able to establish or defend a case, a less severe sanction is appropriate" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718; see De Los Santos v Polanco, 21 AD3d 397, 398; Iannucci v Rose, 8 AD3d at 438; Favish v Tepler, 294 AD2d at 397). The Supreme Court has broad discretion to determine whether to impose a sanction for spoliation of evidence, and this Court will only substitute its judgment if the Supreme Court's exercise of that discretion was improvident (see Francis v Mount Vernon Bd. of Educ., 164 AD3d 873, 874).
Here, the Supreme Court providently exercised its discretion in concluding that the defendant failed to meet its burden of demonstrating that the plaintiff engaged in the type of willful [*3]or contumacious conduct that would warrant dismissal of the complaint or any other severe sanction (see id. at 874; Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718; see also Parauda v Encompass Ins. Co. of Am., 188 AD3d 1083, 1085-1086; Independent Temperature Control Servs., Inc. v WDF, Inc., 121 AD3d 944, 945). Although the court denied the defendant's motion, it properly afforded relief to the defendant to the extent that it ordered the plaintiff to expeditiously furnish many of the discovery items that were in dispute, including relevant leases and rent rolls for those specific tenants residing in apartments identified as having been allegedly damaged as a result of the hurricane (see Neve v City of New York, 117 AD3d 1006, 1009; Longo v Armor El. Co., 307 AD2d 848, 849).
The Supreme Court properly denied the defendant's motion for leave to renew that branch of its prior motion which was, in effect, for summary judgment dismissing so much of the complaint as sought to recover the sum of $673,559 for Extra Expense. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "'While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774, quoting Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; see Carmike Holding I, LLC, 180 AD3d at 747). "'When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774, quoting Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Eskenazi v Mackoul, 92 AD3d 828, 829; see Worrell v Parkway Estates, LLC, 43 AD3d 436, 437).
Here, the policy's Extra Expense provision, set forth in the "Business Income (and Extra Expense) Coverage Form," unambiguously entitles the plaintiff to Extra Expense insurance coverage if there is a "direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss." Furthermore, in the event of such "direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss," the defendant in the policy has unambiguously agreed to pay to the plaintiff "any Extra Expense" so as to: (a) "avoid or minimize the suspension of business and to continue 'operations'"; (b) "minimize the suspension of business if [the plaintiff] cannot continue 'operations'"; and (c) "Repair or replace any property . . . to the extent it reduces the amount of loss that otherwise would have been payable under this Coverage Form."
Accordingly, whether the plaintiff is entitled to Extra Expense insurance coverage turns on the factual issue of whether the damage to the property allegedly incurred due to Hurricane Irene constituted a "direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss." As discussed above, triable issues of fact exist as to whether the damages to the property were the direct result of Hurricane Irene, and therefore whether the defendant has breached its obligations under the policy, thus precluding an award of summary judgment in favor of either party. Specifically, triable issues of fact regarding whether Hurricane Irene resulted in a "direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss" precluded summary judgment, and the Supreme Court properly determined that the defendant had not set forth any "new facts" that had not been offered on its prior cross motion for summary judgment "that would change the prior determination" (CPLR 2221[e][2]; see Carmike Holding I, LLC, 180 AD3d at 747; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see also Matter of Newton v McFarlane, 174 AD3d 67, 80). Although the August 2011 leases and rent roll may be new in the sense that they had not been previously produced in discovery to the defendant, those documents merely furnished the defendant with information concerning the property's tenants and their lease terms, and do not resolve triable issues of fact regarding whether Hurricane Irene directly caused the property damage at issue herein, or whether the damage was exacerbated by wear and tear or prior [*4]maintenance and repairs at the property. Accordingly, the court properly denied the defendant's motion for leave to renew that branch of its prior cross motion which was, in effect, for summary judgment dismissing so much of the complaint as sought to recover $673,559 in damages for "Extra Expense" incurred under the policy (see GMAC Mtge., LLC v Yorke, 175 AD3d 1498, 1500; Ferraro Foods, Inc. v Guyon, Inc., 165 AD3d 628, 630; Dimery v Ulster Sav. Bank, 116 AD3d 731, 732).
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court