Testa v Lorefice (2022 NY Slip Op 01830)





Testa v Lorefice


2022 NY Slip Op 01830


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2019-12683
 (Index No. 620412/16)

[*1]Joseph Testa, et al., respondents,
v
Elaina M. Lorefice, et al., appellants.


John J. Bello, Jr., Hauppauge, NY (John C. Meszaros of counsel), for appellants Elaina M. Lorefice and Erik A. Karlund.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants Arben B. Cekovic and Nafije Cekovic.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg and John Zervopoulos of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Elaina M. Lorefice and Erik A. Karlund appeal, and the defendants Arben B. Cekovic and Nafije Cekovic separately appeal, from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated October 10, 2019. The order, insofar as appealed from by the defendants Elaina M. Lorefice and Erik A. Karlund, denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order, insofar as appealed from by the defendants Arben B. Cekovic and Nafije Cekovic, denied their motion for the same relief as to them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Joseph Testa (hereinafter the injured plaintiff) in a motor vehicle accident. The defendants Elaina M. Lorefice and Erik A. Karlund moved, and the defendants Arben B. Cekovic and Nafije Cekovic separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated October 10, 2019, the Supreme Court, among other things, denied the defendants' separate motions. The defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' submissions failed to eliminate triable issues of fact regarding the injured plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, [*2]71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court properly denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court