Incorporated Vil. of Freeport v Freeport Plaza W., LLC (2022 NY Slip Op 03714)

Incorporated Vil. of Freeport v Freeport Plaza W., LLC

2022 NY Slip Op 03714

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-01010
 (Index No. 602227/18)

[*1]Incorporated Village of Freeport, respondent-appellant,
v
Freeport Plaza West, LLC, appellant-respondent.

Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Steven J. Harfenist and Andrew C. Lang of counsel), for appellant-respondent.
The Law Office of Steven Cohn, P.C., Carle Plaza, NY (Susan E. Dantzig and Mitchell R. Goldklang of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated January 7, 2021. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the amended complaint and on its counterclaim. The order, insofar as cross-appealed from, denied the plaintiff's cross motion for summary judgment dismissing the defendant's counterclaim and, in effect, for leave to renew its motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim, which had been denied in an order of the same court dated November 7, 2019.
ORDERED that the appeal from so much of the order dated January 7, 2021, as denied that branch of the defendant's motion which was for summary judgment on its counterclaim is dismissed as academic; and it is further,
ORDERED that the cross appeal is dismissed as academic; and it is further,
ORDERED that the order dated January 7, 2021, is affirmed insofar as reviewed on the appeal; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2017, the parties entered into a contract wherein the defendant agreed to purchase real property located in the Village of Freeport from the plaintiff. The contract provided, inter alia, that the closing of title must take place within 30 days of the defendant's receipt of all "Required Approvals." The contract also provided that the defendant had 45 days from the expiration of the "Due Diligence period (as hereinafter defined)" to submit all plans for its development of the property to the Village for approval, and failure to do so would be grounds for termination of the contract.
In May 2017 and June 2017, the parties executed four separate amendments to the contract wherein the plaintiff agreed, inter alia, to extend the defendant's "Investigation Period." [*2]In one of the amendments the plaintiff agreed to convey additional land to the defendant for no additional consideration. In February 2018, the plaintiff commenced this action against the defendant, alleging that the defendant breached the contract, the contract violated the Gift and Loan Clause of the New York State Constitution, and the contract was void because it contained an indefinite description of the property to be conveyed. In March 2018, the defendant answered the amended complaint and asserted a counterclaim against the plaintiff alleging that the plaintiff's commencement of this action constituted an anticipatory repudiation of the contract.
The plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim on the ground that the defendant failed to file a notice of claim as required by CPLR 9802. In an order dated November 7, 2019, the Supreme Court denied the motion. The defendant thereafter moved for summary judgment dismissing the amended complaint and on its counterclaim. The plaintiff cross-moved for summary judgment dismissing the defendant's counterclaim and, in effect, for leave to renew its motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim. In an order dated January 7, 2021, the court denied both the motion and the cross motion. The defendant appeals and the plaintiff cross-appeals.
In light of our determination on a related appeal (see Incorporated Village of Freeport v Freeport Plaza West, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-13120; decided herewith]), reversing the order dated November 7, 2019, and granting the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim, we dismiss, as academic, the appeal from so much of the order dated January 7, 2021, as denied that branch of the defendant's motion which was for summary judgment on its counterclaim. For the same reason, we also dismiss, as academic, the plaintiff's cross appeal from so much of the order dated January 7, 2021, as denied its cross motion for summary judgment dismissing the defendant's counterclaim and, in effect, for leave to renew its motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim.
The defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint. "'[C]ontract language is ambiguous when it is reasonably susceptible of more than one interpretation, and extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language'" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 670, quoting RE/MAX of N.Y., Inc. v Energized Realty Group, LLC, 135 AD3d 924, 925). "Where several constructions of a contract are possible, the court can look to the surrounding facts and circumstances to determine the intent of the parties" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 670). Here, the contract failed to clearly define the term "Required Approvals," and was therefore ambiguous as to what permits and approvals would trigger the defendant's time to close. Contrary to the defendant's contention, the extrinsic evidence submitted in support of its motion raised a triable issue of fact as to whether the permits and approvals not yet obtained by the defendant constituted "Required Approvals" pursuant to the contract. Furthermore, the contract failed to define "Due Diligence period," and thus was ambiguous as to when the defendant's due diligence period expired and its deadline to submit all plans began. The defendant failed to submit any extrinsic evidence demonstrating the parties' intent regarding this ambiguity.
Moreover, the defendant failed to establish, prima facie, that the amendment to the contract wherein the plaintiff agreed to convey additional land to the defendant for no additional consideration did not violate the Gift and Loan Clause of the New York State Constitution. The Gift and Loan Clause of the New York State Constitution provides that no "village . . . shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking" (NY Const, art VIII, § 1). The defendant failed to submit evidence that the parties intended for the initial purchase price in the contract to include these additional lots later added to the contract, and thus did not establish that the plaintiff conveyed the additional lots for consideration and not as a gift.
The defendant also failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the cause of action to void the contract due to an indefinite description of the property conveyed. The contract did not include a description of a triangular piece of land to [*3]be conveyed and stated that such would be provided later, and the defendant failed to offer any evidence establishing that the parties later adequately described this piece of land or agreed to remove it from the contract.
The parties' remaining contentions are without merit.
Since the defendant failed to meet its prima facie burden, it is unnecessary to determine whether the plaintiff's submissions in opposition were sufficient to raise a triable issue of fact (see Testa v Lorefice, 203 AD3d 981).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the amended complaint.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court